### FREDERICK SCHWARTZ

*v.*

### WILLIAM LAMMERS.

NEW TRIAL—*verdict against the evidence.* In this case the judgment of the court below is reversed because the verdict of the jury is not sustained by the evidence.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. AMOS WATTS, for the appellant.

Mr. WILLIAM WINKELMAN, and Mr. D. HAY, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

However reluctant we may be to disturb the finding of a jury, we are compelled, from a sense of justice, to reverse the judgment in this case.

The plaintiff proved his account as fully and clearly as it was possible to do, and the defendant and another witness testified that plaintiff owed the defendant $2000. The plaintiff's account, as proved, amounted to $914.81, and yet the jury found a verdict for defendant for $1.

It is inconceivable how such a result was attained. With a literal reliance upon the evidence, the verdict should have been for defendant for $2000, or for $1085.19—the difference between the two accounts.

But either result would have been manifest injustice to plaintiff.

He had received flour from the defendant to sell upon commission, from April, 1869, to April, 1871, and had made frequent and large advancements of money upon the flour. He charged the defendant with the cash advanced, and freight paid and commissions, and credited him with the net sales of the flour. The defendant had evidently lost upon his shipments, and hence the indebtedness of plaintiff.

The defendant repeatedly, though tacitly, acknowledged the correctness of plaintiff's account when it was presented to him, urged no claim against it, and made no objections to it. The pretended set-off is brought forward for the first time upon the trial.

The evidence of the defendant and his miller does not commend it to our judgment. It is not entitled to any weight in the establishment of a set-off. It is to the effect that 1460 barrels of flour were shipped to the plaintiff, and that the latter owed the defendant $2000. No price is fixed; no evidence adduced to establish the rate at which the plaintiff sold the flour, and no proof to indicate the terms of shipment, or the agreement between the parties. The testimony of the defendant is singularly deficient.

The fair inference—indeed the irresistible conclusion—from the entire record, is, that the defendant was credited with the flour shipped to the plaintiff; that money was lost by

the transaction, which loss the defendant must sustain; and that the plaintiff was entitled to judgment.

Upon a new trial, the evidence may justify a different conclusion.

The judgment is reversed and the cause remanded.

*Judgment reversed.*